The STATE of Ohio, Appellee,

v.

ELLER, Appellant.

[Cite as State v. Eller, 197 Ohio App.3d 738, 2012-Ohio-546.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2011–04–077.

Decided Feb. 13, 2012.

Michael Hon, City of Hamilton Prosecuting Attorney, for plaintiff-appellee.

James C. Smith, for defendant-appellant.

---

POWELL, Presiding Judge.

{¶ 1} A hunter convicted of illegally possessing an antlered whitetail deer was ordered to pay over $9,400 in restitution based on the measurement or scoring of the antlers. He asks this court to overturn the restitution order, arguing that a state wildlife officer did not follow the law when he used a measuring tape different from the specific measuring tape listed in the statute. We affirm the restitution order, finding that no claimed error merits reversal.

{¶ 2} Michael Eller pleaded guilty in Hamilton Municipal Court and was convicted of possessing a deer or parts of a deer in violation of R.C. 1531.02. A restitution hearing was held, and based on a minimum restitution order and an antler-scoring system used by wildlife officials, the trial court ordered Eller to pay $9,413.71 in restitution. He now appeals, raising a single assignment of error.

{¶ 3} Assignment of error:

{¶ 4} The trial court erred to the prejudice of the defendant-appellant when the court found that restitution in the amount of $9,413.71 was appropriate when measurements relied upon to arrive at the restitution figure were not performed pursuant to the requirements of Section 1531.201 of the Ohio Revised Code.

{¶ 5} Eller argues under this assignment of error that there was insufficient evidence to make a finding of restitution because the wildlife officer used measuring instruments not approved by R.C. 1531.201, which provides the means to determine gross scores of deer antlers.

{¶ 6} R.C. 1531.201 states:

(B) The chief of the division of wildlife or the chief's authorized representative may bring a civil action to recover possession of or the restitution value of any wild animal held, taken, bought, sold, or possessed in violation of this. chapter or Chapter 1533. of the Revised Code or any division rule against any person who held, took, bought, sold, or possessed the wild animal. The

minimum restitution value to the state for wild animals that are unlawfully held, taken, bought, sold, or possessed shall be established in division rule.

(C)(1) In addition to any restitution value established in division rule, a person who is convicted of a violation of this chapter or Chapter 1533 * * * governing the holding, taking, buying, sale, or possession of an antlered white-tailed deer with a gross score of more than one hundred twenty-five inches also shall pay an additional restitution value that is calculated using the following formula:

Additional restitution value = ((gross score − 100)$^2$ × \$1.65)

(2) The gross score of an antlered white-tailed deer shall be determined by taking and adding together all of the following measurements, which shall be made to the nearest one-eighth of an inch using a one-quarter-inch wide flexible steel tape: * * * [description of measurement or scoring omitted].

{¶ 7} The record indicates that an officer/supervisor from the state division of wildlife testified at the restitution hearing that there is a minimum restitution amount for antlered whitetail deer and an additional amount of restitution under R.C. 1531.201 for "trophy" deer or antlers having a gross score of more than 125 inches. According to the wildlife officer, the statutory calculation for the deer in question, coupled with the minimum restitution amount, totaled \$9,413.71.

{¶ 8} The wildlife officer testified that he used a kit, including measuring devices, obtained from the "Boone and Crockett Club" because the state uses that "scoring system." The officer had the measuring tape with him when he testified and demonstrated how the antlers were measured or scored. While it is not entirely clear from the record, the officer testified that he had used a measuring "cable" and a measuring tape, and he indicated that he had used a "wood tape" for one specific measurement.

{¶ 9} When asked on cross-examination about the width of the tape used, the officer testified that he believed the measuring tape he used was one-eighth inch wide. After Eller's attorney remarked that the statute requires the use of a one-fourth inch wide, flexible, metal tape, the officer acknowledged that he had not used the measuring device listed in the statute.

{¶ 10} At the end of the officer's testimony, Eller's counsel argued that the trial court could not determine the proper restitution amount because improper measurement devices had been used. When the prosecutor informed the court that the officer had rechecked the tape he had used and had found that it was one-fourth inch in width, Eller's counsel argued that the statute requires the use of one specific measuring device and the officer testified to using at least two different devices to score the deer.

{¶ 11} At the conclusion of the hearing, the trial court found that the officer had used a one-fourth inch wide steel tape and a wood tape measure, and there was "no indication" that the other measuring device was "anything other than appropriate that it measured correctly, it just wasn't made of steel or wasn't ¼ inch wide. So, I don't see um—I don't think it makes any sense for us to pretend that the measurements were done wrong." The trial court combined the antler-scoring figure determined by the officer with the minimum restitution amount as described in the Ohio Administrative Code and ordered restitution in the amount of $9,413.71. See Ohio Adm.Code 1501:31–16–01.

{¶ 12} Regarding financial sanctions for a misdemeanor offense, R.C. 2929.28(A)(1), states that the trial court may impose one or more financial sanctions, including, but not limited to, restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.

{¶ 13} If the court imposes restitution, the court must determine the amount of restitution to be paid by the offender and may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates, or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. R.C. 2929.28.

{¶ 14} If the court decides to impose restitution, the court must hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. *Id.* If the court holds an evidentiary hearing, at that hearing, the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender. *Id.*; see also R.C. 1531.02 (ownership and title to all wild animals in this state, not legally confined or held by private ownership legally acquired, is in the state, which holds title in trust for the benefit of all the people); Ohio Adm.Code 1501:31–16–01.

{¶ 15} We acknowledge that R.C. 1531.201 specifically says, "[T]he * * * measurements * * * shall be made to the nearest one-eighth of an inch using a one-quarter inch wide flexible steel tape." This court was not directed to, nor could we locate, any authority that would explain the significance of a certain width or kind of measuring device for this scoring procedure, and Eller did not suggest how this variance from the statute resulted in a mismeasurement or otherwise prejudiced the scoring determination.

{¶ 16} The trial court observed the testimony of the officer explaining the measurement or scoring process and was satisfied that the measurement was done properly. In other words, the trial court found that the state had proved by

742

a preponderance of the evidence the amount of restitution sought from Eller. Accordingly, we do not find that the trial court erred in the determination it made as to the sufficiency of the measurement process, and we find that it did not abuse its discretion in ordering the restitution.

Judgment affirmed.

RINGLAND and YOUNG, JJ., concur.

YOUNG, J., retired, of the Twelfth District Court of Appeals, sitting by assignment.